# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

| | |
|---|---|
| DIANA MEY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 5:23-CV-367 |
| § | |
| DIRECTV, LLC, § | |
| § | |
| *Defendant.* § | |

## DEFENDANT DIRECTV, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR SANCTIONS

Plaintiff Diana Mey's motion (Doc. 8) primarily asks the Court to order Defendant Direct TV, LLC[1] to pay the settlement payments. But as explained below, the settlement payments were already in progress before Plaintiff filed her motion and have now been paid. Plaintiff's additional request for attorney's fees and sanctions under the Court's inherent authority is unwarranted and should be denied.

## FACTUAL BACKGROUND

**1. The parties settle the case.**

Before Defendant answered in this case, counsel started discussing settlement. The parties stipulated to postpone Defendant's answer date and agreed to mediate. On August 6, 2024, this case settled during mediation. After Defense counsel prepared a settlement agreement consistent with the mediated terms, counsel communicated back and forth about proposed edits, which they eventually resolved. Plaintiff signed the settlement agreement on September 18; Defendant signed on September 19. The settlement agreement included an October 1 payment date.

---

[1] Until recently, DirecTV was part of AT&T. Therefore, although the documents use both names throughout, this response use "DirecTV" or "Defendant" for consistency.

1

**2. Plaintiff sends the first set of wiring instructions.**

On September 18, Plaintiff's counsel's office manager sent wiring instructions for the firm's operating account. **Exhibit 1**. When Defendant's Accounts Payable department tried to confirm that account information, they received an error message. So, on September 26, Defense counsel emailed Plaintiff's counsel: "When AT&T tried to process the settlement payments, they got some kind of error message with the account. Please call Shelly (info below) to confirm the info. Thank you." **Exhibit 2**.

**3. Plaintiff sends the second set of wiring instructions.**

After communications back and forth, Plaintiff's counsel indicated the funds should be sent to a different account (the firm's trust account) and sent new wiring instructions on September 27, 2024. **Exhibit 3.** Defendant's employees then went about setting up the electronic transfer to that account, which included completing internal approvals and security checks, especially for large payments like these. Among other reasons, safeguards like these are designed to prevent wire fraud, and to ensure the funds reach the correct account. Defendants never repudiated the settlement or stated any refusal to pay the settlement payments. To the contrary, Defendant was actively communicating with Plaintiff about getting the funds paid correctly.

**4. Plaintiff files the motion and the settlement funds are returned.**

After several communications between counsel, Plaintiff filed the motion to enforce the settlement agreement on October 2, and contacted the Court's law clerk at around midnight.[2] The next morning, October 3, Defense counsel emailed: "When I got to the office this morning, our records show the wires have been sent. Please confirm." **Exhibit 4.** Plaintiff's counsel said their bank had not received the funds. After various communications between counsel, Defendant's bank traced

---

[2] Defense counsel was copied on the email to the Court's clerk at 11:20PM Central Time on October 2, which would be 12:20AM Eastern Time on October 3.

the funds, which showed the funds had been sent, but then returned to Defendant on October 4 marked "No [account] unable to locate." **Exhibit 5**.

### 5. Defendant re-issues the settlement payments.

Because it was unclear what triggered the "no [account] unable to locate" response, Defendant issued expedited checks on the morning of October 7. The settlement checks arrived at Plaintiff's counsel's office by next day air on the morning of October 8. **Exhibit 6.** The settlement agreement requires Mey to dismiss this case within seven days of receiving the settlement payment.

## ARGUMENTS AND AUTHORITIES

The Court should deny Plaintiff's motion.

### 1. Plaintiff's request to enforce the settlement agreement is moot.

Defendant has already paid the settlement payments. Therefore, Plaintiff's request to order Defendant to pay the payments is moot.

### 2. Plaintiff's request for fees and sanctions is unwarranted.

The Court should also deny Plaintiff's request for attorney's fees and unspecified sanctions under the Court's inherent authority. Doc. 8 ¶ 16. The Court's inherent power "must be exercised with the greatest restraint and caution, and then only to the extent necessary." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). The Supreme Court has recognized three exceptions to the "American Rule" that each side pays its own attorney's fees: "(1) where a party's litigation efforts directly benefit others (the 'common fund' exception); (2) where a party willfully disobeyed a court order; and (3) where a party acts in bad faith, vexatiously, or for oppressive reasons (the 'bad faith' exception)." *Patrick Henry Estates Homeowners v. Miller*, No. 3:08-CV-175, 2011 WL 7072943, at *9 (N.D.W. Va. Mar. 16, 2011) (Bailey, J.), *aff'd*, 462 F. App'x 339 (4th Cir. 2012).

None of those exceptions apply here. Defendant did not disobey a Court order. Nor did Defendant act in bad faith, vexatiously or for oppressive reasons—which typically means a party

"deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process[.]" *Bhattacharya v. Murray*, No. 3:19-CV-00054, 2022 WL 10424491, at *6 (W.D. Va. Oct. 18, 2022) (defining bad faith).[3] None of that happened here. Defendant never repudiated the settlement nor refused to pay. To the contrary, the payments were in progress before Plaintiff filed her motion. Defendant sent the funds electronically on October 3 and, when the electronic funds were returned, delivered checks by the morning of October 8. Plaintiff did not need to file a motion or contact the Court at around midnight on October 2. That Defendant's settlement payment was slightly delayed—due in part to a last-minute change in wiring instructions from Plaintiff—does not warrant the extraordinary remedy of sanctions.

## CONCLUSION

Defendant respectfully requests that the Court deny Plaintiff's Motion to Enforce the Settlement Agremeent and for Sanctions (Doc. 8).

*/s/ Blair E. Wessels*
Whitney G. Clegg (WVSB #6560)
Jackson Kelly, PLLC
3000 Swiss Pine Way, Suite 200
Morgantown, WV 26501
Telephone: (304) 284-4121
wclegg@jacksonkelly.com

Blair Wessels (WVSB #13707)
Jackson Kelly, PLLC
500 Lee Street East, Suite 1600
Charleston, WV  25301
Telephone: (304) 340-1000
Facsimile:  (304) 340-1130
blair.wessels@jacksonskelly.com

---

[3] For example, the Fourth Circuit approved sanctions where counsel "repeatedly" and "deliberately" misled the district court "in an effort to avoid the consequences" of a potentially dispositive legal issue. *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018). Nothing remotely like that happened here. Plaintiff does not allege that Defendant misled the Court; nor did that happen

4

*/s/ Parker Graham*
*\*Application for Pro Hac Vice Forthcoming*
Parker Graham
Texas State Bar No. 24087612
pgraham@ccsb.com
Carrington, Coleman, Sloman
& Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:  (214) 855-3000
Facsimile:  (214) 855-1333

*Attorneys for Defendant DirecTV, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

| | | |
|---|---|---|
| **DIANA MEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Case No. 5:23-CV-367 (Bailey)** |
| | § | |
| **DIRECTV, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## CERTIFICATE OF SERVICE

I, Blair Wessels, do hereby certify that a true and accurate copy of the foregoing ***"Defendant DirecTV, LLC's Response to Plaintiff's Motion to Enforce Settlement Agreement and For Sanctions"*** was served upon the following, via the Court's CM/ECF system, this 8th day of October, 2024 as follows:

Ryan M. Donovan, Esquire
rdonovan@hfdrlaw.com
Andrew C. Robey, Esquire
arobey@hfdrlaw.com
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV  25339


*/s/ Blair E. Wessels*
BLAIR E. WESSELS (WVSB# 13707)

4876-3220-2221.v1